UNITED STATES BANKRUPTCY COURT
DISTRICT OF RHODE ISLAND

In re:

| | |
|---|---|
| VALLEY COUNTRY CLUB ON LEDGEMONT, INC. | BK. 10-11155 |
| Debtor-In-Possession | CHAPTER 11 |
| | |
| SIXTY, INC. | BK. 10-11156 |
| Debtor-In-Possession | CHAPTER 11 |

**DEBTORS' MOTION FOR JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Now comes Valley Country Club on Ledgemont, Inc. and Sixty, Inc., debtors-in-possession in their respective Chapter 11 petitions and move this Court for an entry of an Order for the joint administration of these related Chapter 11 cases.

The basis for the debtors' motion is as follows:

1. Valley Country Club On Ledgemont, Inc. ("VALLEY") is a Rhode Island corporation which operates the Valley Country Club, a private golf club located in Warwick, Rhode Island.

2. Sixty, Inc. is a Rhode Island corporation which owns the real estate and improvements of the Valley Country Club. This consist primarily of an 18-hole golf course and a club house/restaurant facility used by the members as well as for hosting functions.

3. The directors and officers for Sixty, Inc. and Valley Country Club are identical. Sixty, Inc. does not maintain any bank accounts or separate financial records. All of the business of the club is carried on by Valley and all creditors in both cases have historically been paid by Valley.

4. Valley is a non-profit organization and is the owner of all of the stock in Sixty, Inc.

5. Under the provisions of Bankruptcy Rule 1015(b), the Court can order the joint administration of estates for a debtor and an affiliate. An "affiliate" as defined under 11 U.S.C. §101(2) includes a "corporation 20 percent or more of whose outstanding voting securities are

RE:     VALLEY COUNTRY CLUB ON LEDGEMONT, INC.     CH. 11 – BK. 10-11155
       SIXTY, INC.     CH. 11 – BK. 10-11156
       Debtors-In-Possession

directly or indirectly owned…by the debtor…" In this case, Valley owns 100% of the shares of stock of Sixty, Inc. and Sixty, Inc. is an affiliate of Valley.

       6.     The joint administration of these cases will streamline the Chapter 11 proceedings and reduce and eliminate unnecessary costs associated with maintaining two separate proceedings. On the other hand, there will be no prejudice to creditors from the joint administration of these matters. The debtors' primary creditor, Centreville Bank, is a creditor of both entities.

       7.     The instant motion seeks only a joint administration of the matters, and not a substantive consolidation. The debtors, however, retain their rights to seek a substantive consolidation at a later time.

       WHEREFORE, the debtors pray that this Court enter an Order authorizing the joint administration of the estates of Valley Country Club On Ledgemont, Inc. and Sixty, Inc.

       VALLEY COUNTRY CLUB ON LEDGEMONT, INC. and
       SIXTY, INC. – Debtors-In-Possession
       By their attorneys,

       /s/ Andrew S. Richardson
          Andrew S. Richardson (#2608)
          Boyajian Harrington & Richardson
          182 Waterman Street
          Providence, RI 02906
          Tel. 401-273-9600
          Fax. 401-273-9605

RE:   VALLEY COUNTRY CLUB ON LEDGEMONT, INC.           CH. 11 – BK. 10-11155
      SIXTY, INC.                                                                           CH. 11 – BK. 10-11156
      Debtors-In-Possession

**Within fourteen (14) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.**

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2010, I electronically filed a Debtors' Motion for Joint Administration of Chapter 11 Cases with the Clerk of the Bankruptcy Court for the District of Rhode Island using the CM/ECF System. The following participants have received notice electronically:

- Gary L. Donahue    ustpregion01.pr.ecf@usdoj.gov

and I hereby certify that I have mailed by United States Postal Service, postage pre-paid, the document and a copy of the Notice of Electronic Filing to the following non CM/ECF participants:

Allan M. Shine, Esq.
Winograd Sine and Zacks, P.C.
123 Dyer Street
Providence, RI 02903-3980

                              /s/ <u>Jeannette L. Arrighi</u>
                              Jeannette L. Arrighi, Legal Assistant to
                              Andrew S. Richardson - #2608

(JLA\BK\VALLEYCC-11 & SIXTY INC-11\M-Joint Adm of Ch 11 Cases)